Richard G. Della Ratta, Esq. Counsel, Schenectady Municipal Housing Authority
You have asked whether a member of the city council of the City of Schenectady may serve as a staff accountant with the Municipal Housing Authority of the City of Schenectady.
The Schenectady Municipal Housing Authority has been established by the State Legislature as a public corporation and has as its general purpose the alleviation of adverse housing conditions in the city (Public Housing Law, §§ 37, 406). Municipal housing authorities are independent public corporations, separate from the State and its municipalities (Ciulla vState of New York, 191 Misc. 528 [Ct of Cl, 1948]). It follows that the city government of the City of Schenectady is independent of the Schenectady Municipal Housing Authority.
You have informed us that the housing authority position in issue is titled Accounting Supervisor and that this position has been classified in the competitive class of the civil service. A competitive examination is required to qualify for this position.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The Schenectady Municipal Housing Authority is a public corporation, independent and separate from the city government of the City of Schenectady. Thus, it is unlikely that the functions and duties of these two positions will interact or overlap in any way. In our view, the two positions are compatible. You have noted that although a municipal housing authority is authorized to hire employees and determine their qualifications and duties, the establishment of employee compensation is subject to the approval of the legislative body of the city (Public Housing Law, § 32[1]). In our view, this power of approval is not a source of incompatibility. The city council has responsibility to fix the compensation of its own members. Therefore, the power to approve the compensation of an employee of the Schenectady Municipal Housing Authority does not alone provide a basis for incompatibility. However, government officials should recuse themselves from acting in areas where they have actual or perceived conflicts of interest.
We conclude that a city councilperson of the City of Schenectady may also hold the position of accounting supervisor with the Municipal Housing Authority of the City of Schenectady.